UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVIN DAMPIER,

    Plaintiff,

v.

KING COUNTY JAIL, et al.,

    Defendants.

Case No. C22-1401-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Alvin Dampier is a pretrial detainee at King County Jail. Proceeding pro se and *in forma pauperis*, Plaintiff submitted a proposed 42 U.S.C. § 1983 civil rights complaint. Dkt. 5. He named King County Jail, Dr. Sander, and ARNP Trinh Duy as Defendants and alleged the denial of medical treatment. *See id*.

On October 11, 2022, the Court issued an Order declining to serve the complaint. Dkt. 6. The Court identified deficiencies in the proposed complaint and granted Plaintiff leave to amend his complaint, if possible, to correct the deficiencies. The Court noted that, if no amended complaint was filed within thirty days of the Court's Order, or if Plaintiff filed an amended complaint that failed to correct the deficiencies, the Court would recommend that this matter be

REPORT AND RECOMMENDATION - 1

dismissed.  To date, Plaintiff has not responded to the Court's Order.  The Court now recommends dismissal.

In order to sustain a § 1983 claim, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009).

Plaintiff's proposed complaint is deficient in relation to the named Defendants.  First, King County Jail is an entity of King County and is therefore not a proper defendant.  *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.")[1]  Second, a plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Supervisory personnel may not be held liable for actions of their subordinates under a theory of vicarious liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  In this case, while Plaintiff named two individuals – Dr. Sander and ARNP Trinh Duy – as Defendants, he did not explain how those individuals caused or personally participated in causing him harm.

---

[1] A municipality or other local governmental unit, like King County, can be sued as a "person" under § 1983.  *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id*.  A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).  In this case, as the Court advised in its Order declining service, Plaintiff does not name King County as a defendant and does not identify a specific county "policy" or "custom" that violated his federal constitutional rights.

REPORT AND RECOMMENDATION - 2

1       Plaintiff's proposed complaint was also deficient in relation to the claim raised.  As the Court advised Plaintiff, a pretrial detainee alleging a violation of the constitutional right to adequate medical care must show "objective deliberate indifference[.]"  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).  Specifically, a pretrial detainee must show:

> "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment]; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendants did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries."

*Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021) (quoting *Gordon*, 888 F.3d at 1125).  Satisfaction of the third element requires a showing a defendant's actions were "'objectively unreasonable'", meaning "'more than negligence but less than subjective intent – something akin to reckless disregard.'"  *Id*. (quoted sources omitted).  A "mere lack of due care" does not amount to a constitutional violation.  *Gordon*, 888 F.3d at 1125 (cleaned up and quoted sources omitted).  Also, while the delay of or interference with medical treatment can amount to deliberate indifference, *Sandoval*, 985 F.3d at 679 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)), an inmate must show the delay or interference led to further injury, *Jett*, 439 F.3d at 1096.  Neither negligence, nor a difference of opinion with medical authorities supports a claim of deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004).  An inmate must show the course of treatment chosen "'was medically unacceptable'" and chosen "'in conscious disregard of an excessive risk to plaintiff's health.'"  *Id.* at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  In this case, the proposed complaint appears to allege that Plaintiff is seeking x-rays for his feet due to his diabetes, but he provides little other

REPORT AND RECOMMENDATION - 3

information in relation to this claim, such as information as to any perceived injury as a result of a delay in obtaining x-rays.  As such, the proposed complaint does not contain enough information or detail for the Court to make a determination as to whether Plaintiff sets forth claims supporting the existence of a constitutional violation.

Because Plaintiff failed to respond to the Court's Order directing him to submit an amended pleading and because of the deficiencies described above, the Court now recommends this matter be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 9, 2022**.

Dated this 17th day of November, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4